### EXEMPTION OF FUNDS USED IN ACQUIRING A HOME.

[Common Pleas Court of Franklin County.]

LYNCH v. RODEBAUGH.

Decided, April 17, 1906.

*Exemptions—Husband and Wife—Earnings Used in Paying for a Home —Beyond the Reach of Creditors of the Husband, When.*

Where a debtor earning $60 a month gave $15 a month to his wife, which she used in paying to a building association dues on a loan used in building the house in which the family reside, the money thus paid will be regarded as rent, and under the exemption laws is beyond the reach of creditors. But money previously paid by the husband, out of his earnings for the lot on which the house stands, is not exempt, and the property to the extent of such payments by him is liable for his debts.

BIGGER, J.

The plaintiff in her petition states that she obtained a judgment for $152 before a justice of the peace against the defendant, Clinton C. Rodebaugh, and that thereafter she filed a transcript of said judgment in the office of the clerk of this court, and caused an execution to issue thereon, which was, for want of goods and chattels whereon to levy, levied on the real estate described in the petition, which real estate stands in the name of Zetta Rodebaugh, the wife of the defendant, and it is alleged that this property was purchased by the defendant, but that the title to the same was placed in the name of the wife for the purpose of hindering, delaying and defrauding the creditors of the defendant. The answer is a general denial.

The case turns really upon a single legal question which arises upon the evidence. The testimony shows that the lot was purchased and title taken in the wife's name. Both husband and wife testified that about the sum of one hundred dollars of the purchase price of $350 was paid from money belonging to the wife. About one hundred dollars more was paid, so they state, by the husband out of his wages, he paying the sum of ten dollars per month until that amount was paid, when a deed was executed to the wife for the lot and a mortgage given to secure the balance of the purchase price of $150. This mortgage was made subsequent to a loan obtained from a building and loan company, which was used to build the house on the lot, which was afterwards used by the husband and wife as their home. It appears that after this house was built, the defendant paid out of his wages to his wife the sum of $15 per month, which was applied in payment of the mortgages on the property. The legal question arising upon this state of facts is this, can a debtor give to his wife out of his monthly earnings, which the evidence shows amount to about $50 to $60 per month, the sum of $15 each month, the same being applied in payment. of the loan obtained to build a house, which they are using as their home, and have the property exempt from application to the payment of his debts under the exemption law of this state.

It is claimed that under the exemption law of this state, which exempts the earnings of the debtor for a period of three months, when it is made to appear that they are necessary for the support of his family, that the application of such a sum for the purpose of furnishing a residence to the family of the debtor is permissible under the exemption statute, and that whether it be given to the wife or paid to some third party who will furnish a residence, that the said sums being a reasonable allowance for that purpose is exempt, and that the property purchased therewith is also exempt.

This was expressly decided to be the law by the Circuit Court of Lucas County in the case of *Stump* v. *Frary*, 13th C. C., 619. Counsel for the plaintiff contend earnestly that this case is wrongly decided and is not controlling upon this question,

It is true this court is not bound to follow that decision, but after a careful examination, I am of the opinion that if the facts of this case were the same as in the *Stump* v. *Frary* case that it ought to be followed. I am inclined to the opinion that it is sound in principle as applied to the facts of that case. It has been decided by the courts of last resort in other states, in cases cited by counsel in their briefs, that where the earnings of a debtor are absolutely exempt for a certain period, that they may be applied as he sees fit, and that he may give them to his wife if he chooses or make any other disposition of them which he may see fit. This is true of any other property which is absolutely exempt as well as of the wages, the principle being that if they are absolutely exempt they can not be reached by his creditors, and that if he gives them away during the time that they are so exempt, that the creditors can not complain because he had a right to do as he pleased with them; that it was no fraud upon the creditors.

Now, our statute does not exempt the earnings absolutely, but they are just as absolutely exempt under the terms of the statute, whenever it is made to appear—for that is the language of the statute—when it is made to appear that they are necessary for the support of his family. Now, it would not be seriously questioned that the sum of $15 per month would be a reasonable allowance for house rent, and creditors certainly could not well complain if the debtor used that amount of his monthly earnings in the payment of house rent. In principle, what difference can it make whether that money be paid to the wife, who out of it furnishes the home for the family, or paid to another person who does the same? If the wages were allowed to accumulate in the hands of the employer for more than three months, they would not be exempt after that period, but if $15 of it was applied each month for house rent, would it make any difference to the creditor whether the employer retained $15 each month to furnish a house to his employe, or whether the husband drew it and paid it to his wife for the same purpose? In each case the money is paid out for a necessity, and during the period when it is exempt for the family—

to-wit, a house to live in. Now, the title to this property is in the wife. She bought the property according to the evidence and obtained a loan and built the house, and that she is repaying the loan out of the $15 a month. It not easy to see upon what principle creditors can complain of this as in fraud of their right, if it be conceded, and I think it can not be successfully controverted, that each month the husband might apply the sum of $15 for house rent as a necessity for his family under the exemption law.

Now, if in exchange for the $15 paid each month by the husband out of his eranings, the wife had furnished a house for the family to live in, then I am of the opinion that the principle announced in the Stump-Frary case is correct, but if it goes beyond that, it is not sound law. These wages are not exempt except they be necessary for the support of the family, and during the period provided in the statute.

Now, I am compelled to reach the conclusion upon the evidence in this case, that to the extent of about two hundred dollars of the purchase price of this property, which was paid before any house was built with this money, and was paid out of the earnings of the husband, that it can not under the statute be said to have been exempt. The parties undertake to claim that about one hundred dollars of this money was the wife's money. But in doing so their story is so improbable, and it is so clearly impeached, that I am compelled to discredit their testimony upon that point. They both claim that she had a part of it deposited in the Ohio National Bank, but Mr. Kiesewetter testifies that the wife never had any money in that bank.

As to the balance of the two hundred dollars paid before the house was built, the husband admits it came out of his earnings, but how can that money be claimed to be exempt under the statute? They must of necessity pay house rent elsewhere during that time, if there was no house then built on the lot in which to reside. Certainly a man could not claim the right to have his house rent exempt and also an additional sum by way of an investment in real estate which he expected at some future time to use as a home. House rent as a necessity could

be paid but once each month.   A man could not claim a right on the plea of necessity to pay rent for two houses at the same time.   Now, if in this case the entire sum paid by the husband in monthly payments of $15 had been paid to the wife, who at all times in exchange therefor had furnished a house for the family to live in, the doctrine of the Stump-Frary case would apply.   But under the facts of this case I am compelled to reach the conclusion that to the extent of two hundred dollars of this sum it was not paid in exchange for the furnishing of a house to live in, but as an investment in real estate in addition to paying house rent, and that it can not be claimed to be exempt to that extent as against his creditors.   As it has been used together with other money which is exempt in paying for this property, the only way that it can be reached is by setting aside the conveyance and subjecting it to the payment of the plaintiff's claim.

For these reasons the finding and decree must be in favor of the plaintiff.

*T. J. Duncan* and *Perry A. Roach,* for plaintiff.

*Henderson, Livesay & Burr,* for defendant.